RECORD NO. 14-4417

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**CONFESOR LLAMAS, a/k/a Confessor Llamas, a/k/a Confessor Llamos, III**

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

---

### BRIEF OF APPELLANT

---

Michael E. Archenbronn
LAW OFFICE OF MICHAEL E. ARCHENBRONN
Post Office Box 30181
Winston-Salem, North Carolina  27130
(336) 725-1272

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

JURISDICTIONAL STATEMENT ..................................................................... 1

NATURE OF APPEAL .......................................................................................... 2

STATEMENT OF THE ISSUE.............................................................................. 3

STATEMENT OF THE CASE ............................................................................... 4

SUMMARY OF ARGUMENT .............................................................................. 7

ARGUMENT ........................................................................................................... 8

    Standard of Review ........................................................................................ 8

    Discussion ........................................................................................................ 9

        WAS THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND TEN (110) MONTHS REASONABLE AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a)? ................................... 9

CONCLUSION ..................................................................................................... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anders v. California,*
    386 U.S. 738 (1967) ................................................................... 2, 7, 12

*Gall v. United States,*
    552 U.S. 38 (2007) ................................................................................ 8

*McCoy v. Wisconsin,*
    486 U.S. 429 (1988) .............................................................................. 2

*Penson v. Ohio,*
    488 U.S. 75 (1988) ................................................................................ 2

*Rita v. United States*,
    551 U.S. 338 (2007) ............................................................................ 10

*United States v. Booker*,
    543 U.S. 220 (2005) ............................................................................ 10

*United States v. Carter,*
    564 F.3d 325 (4th Cir. 2009) ............................................................... 10

*United States v. Llamas,*
    599 F.3d 381 (4th Cir. 2010) ................................................................. 8

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010) ................................................................. 8

*United States. v. Osborne,*
    514 F.3d 377 (4th Cir. 2008) ................................................................. 8

**STATUTES**

18 U.S.C. § 922(g)(1) ................................................................................................ 4

18 U.S.C. § 922(j) ..................................................................................................... 4

18 U.S.C. § 924(2) .................................................................................................... 4

18 U.S.C. § 924(a)(2) ................................................................................................ 4

18 U.S.C. § 3231 ....................................................................................................... 1

18 U.S.C. § 3553(a) ......................................................................................... *passim*

18 U.S.C. § 3742(a) .................................................................................................. 1

28 U.S.C. § 1291 ....................................................................................................... 1

28 U.S.C. § 1294 ....................................................................................................... 1

**RULE**

Fed. R. App. P. 3 ....................................................................................................... 1

**GUIDELINE**

U.S.S.G. § 2K2.1(b)(6)(B) .................................................................................. 5, 11

iii

**STATUTES**

18 U.S.C. § 922(g)(1) ................................................................................................ 4

18 U.S.C. § 922(j) ..................................................................................................... 4

18 U.S.C. § 924(2) .................................................................................................... 4

18 U.S.C. § 924(a)(2) ................................................................................................ 4

18 U.S.C. § 3231 ....................................................................................................... 1

18 U.S.C. § 3553(a) ......................................................................................... *passim*

18 U.S.C. § 3742(a) .................................................................................................. 1

28 U.S.C. § 1291 ....................................................................................................... 1

28 U.S.C. § 1294 ....................................................................................................... 1

**RULE**

Fed. R. App. P. 3 ....................................................................................................... 1

**GUIDELINE**

U.S.S.G. § 2K2.1(b)(6)(B) .................................................................................. 5, 11

## JURISDICTIONAL STATEMENT

This is a direct appeal of Confesor Llamas's sentence in a Federal criminal case. Jurisdiction was conferred upon the United States District Court under 18 U.S.C. § 3231. Appellate jurisdiction is conferred upon the Fourth Circuit Court of Appeals under 28 U.S.C. §§ 1291 and 1294. Appellate jurisdiction for the review of an otherwise final sentence is governed by 18 U.S.C. § 3742(a) and Federal Rule of Appellate Procedure 3. Mr. Llamas gave notice of appeal on May 27, 2014 from the final judgment was entered on May 14, 2014.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967) (as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988).

## STATEMENT OF THE ISSUE

WAS THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND TEN (110) MONTHS REASONABLE AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a)?

## STATEMENT OF THE CASE

As the result of an ongoing investigation, on March 21, 2012, detectives with the Asheboro City Police Department in Asheboro, North Carolina, observed Confesor Llamas and the co-defendant, Ramon Diaz, breaking into a home in Ashboro, North Carolina and leaving in a PT Cruiser. (PSR, pp. 5-6, paras. 9-10)  Pursuant to the stop of that vehicle, law enforcement officers recovered numerous items stolen from the home including a Charter Arms .38 caliber revolver that was located in the back seat next to where Mr. Llamas was seated when stopped. (PSR, p. 6, para. 10)

Confessor Llamas was indicted on August 26, 2013 in a two-count indictment. Count One charged Mr. Llamas with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (PSR p. 4, para. 1)  Count Two charged Mr. Llamas with being in possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and (2). *Id.* Mr. Llamas pleaded guilty to Count One on November 5, 2013. (PSR p. 4, para. 2)

The United States Probation office prepared a final presentence investigation report that was submitted on February 21, 2014. That report placed his statutory maximum sentence of imprisonment at not more than 10

4

years. (PSR, p. 26, para. 103) The recommended guideline sentence was 92 to 115 months based upon a total offense level of 23, and a criminal history category of VI. (PSR, p. 26, para. 104)

    Mr. Llamas's sentencing hearing was held on April 17, 2014. This was continued until April 22, 2014. After determining that the recommended guidelines range was appropriate, the district court offered counsel for Mr. Llamas the chance to argue to the court what he felt was a reasonable sentence. Mr. Llamas's counsel requested a downward variance to 63 to 78 months. (Sent. transcript p. 5) Counsel arrived at this amount based upon the fact that it was felt the 4 level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm was unduly harsh light of the fact that although Mr. Llamas admittedly stole the firearm during the burglary, his only reason for taking it was to sell and not to use to facilitate the burglary. Counsel also pointed to the characteristics of Mr. Llamas, specifically noting that he grew up around drugs and as a consequence, he had developed a severe drug addiction that was the root cause of his repeated criminal law violations. (Sent. transcript pp. 4-9) Counsel also pointed out Mr. Llamas's notable mental health issues. (Sent. transcript pp. 8-9)

In response, the United States Assistant Attorney pointed to the seriousness of the crime and Mr. Llamas's criminal history. (Sent. transcript p. 9)

When offered a chance to speak, Mr. Llamas apologized to the court and to the victims for his crime. (Sent. transcript p. 10)

After allowing for Mr. Llamas's allocution, the district court noted his extensive criminal history and his lack of effort to get help for his drug addition. (Sent. transcript pp. 10-11) The court also mentioned its concern that Mr. Llamas armed himself with a firearm when he stole it during the burglary and that by reselling the gun, it was placing it in the hands of someone who likely could not legally purchase a firearm and had a "propensity for violence." (Sent. transcript p. 13) The court then imposed a sentence toward the higher end of the guidelines range of 110 months imprisonment. *Id*.

## SUMMARY OF ARGUMENT

Since the undersigned counsel has concluded that in his opinion, there are no meritorious issues for appeal, this brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967). Counsel however respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether counsel has overlooked any justiciable issue.

Additionally, the issue Mr. Llamas wishes to raise is that the district court committed error by failing to adequately address the 18 U.S.C. § 3553(a) non-frivolous mitigating factors that he raised at sentencing before imposing a sentence of one hundred and ten (110) months. This sentence Mr. Llamas argues, is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), thus making his sentence unreasonable.

# ARGUMENT

**Standard of Review**

In assessing a trial court's sentence for reasonableness, courts of appeals must review the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in the review of a sentence requires that the Court "ensure that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts." To determine whether a sentencing court properly applied the Guidelines, the court must review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Osborne*, 514 F.3d. 377, 387 (4th Cir. 2008). If the sentence is free of significant procedural error, the appellate court reviews under an abuse-of-discretion standard, the substantive reasonableness of the sentence, *Gall*, 552 U.S. at 51; *United States v. Lynn*, 592 F.3d 572, 579 (4th Cir. 2010); *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). If the district court abused its discretion, the Court of Appeals will "reverse unless . . . the error was harmless." *Lynn*, 599 F.3d. at 576. Where the district court commits error, the Government bears the burden of demonstrating that the error was harmless. *Id*. at 585.

8

**Discussion**

WAS THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND TEN (110) MONTHS REASONABLE AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a)?

Title 18, United States Code, § 3553(a) lists the factors to be considered in imposing a sentence that is sufficient but not greater than necessary to meet the purposes listed below in subsection (2). This subsection directs that the court, when determining a particular sentence to impose, shall consider the following:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed –
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant;
    (D)  to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner...
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for-
    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
(5)  any pertinent policy statement . . .

>     (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>     (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Procedural error occurs when the district court fails to adequately explain the chosen sentence. *United States v. Booker*, 543 U.S. 220 (2005), and it progeny require an individualized application of the sentencing factors set for in 18 U.S.C. § 3553(a) to the facts and circumstances of each defendant and each case. *See generally*, *Rita v. United States*, 551 U.S. 338, 348, 350-51 (2007). District courts must conduct an individualized assessment of the particular facts of every sentence, whether the sentencing court imposes a sentence above, below, or within the guidelines. *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009). In *Carter*, this Court held that "[r]egardless of whether the district court imposes an above, below, or within Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *Id.* at 330.

This Court went on to state, "[t]his individualized assessment need not be elaborate or lengthy, but it must provide *a rationale tailored to the particular case at hand* and adequate to permit meaningful appellate review." (emphasis added) *Id*.

10

In support of Mr. Llamas's request for a downward variance, counsel pointed to the characteristics of Mr. Llamas – specifically his serious drug addition and mental health issues. Counsel also noted the nature of the offense upon which his total offense level was based, pointing out that the 4 level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm was unduly in harsh light of the fact that though Mr. Llamas admittedly stole the firearm during the burglary, it was not his intent to arm himself in order to facilitate the burglary.

Though the district court did touch somewhat on Mr. Llamas's sentencing arguments, Mr. Llamas argues that the court placed undue weight based upon the nature of the crime as well as his criminal history. Mr. Llamas argues that this was procedural error and resulted in a sentence that was greater than necessary to achieve the goals of 3553(a) and was therefore unreasonable.

## CONCLUSION

Counsel for Mr. Llamas has thoroughly reviewed the entire record of Mr. Llamas's case but could find no meritorious issue to appeal. Counsel however, respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether any justiciable issue has been overlooked by counsel and grant such relief to Mr. Llamas as this Court deems warranted. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Counsel submits this brief in order to provide what assistance he can to the Court in conducting its review. The undersigned counsel stands ready to brief and orally argue any issue so identified by the Court. A copy of this brief will be sent to Mr. Llamas. Counsel also respectfully requests that this Court allow Mr. Llamas time "to raise any points that he chooses" in support of his appeal. *Anders*, 386 U.S. at 744.

Respectfully submitted, this the 16th of September, 2014

/s/ Michael E. Archenbronn
Michael E. Archenbronn
Attorney for Appellant
Post Office Box 30181
Winston Salem, North Carolina  27130
(336) 725-1272

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,914*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: September 16, 2014            /s/ Michael E. Archenbronn
                                     *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of September, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Graham T. Green
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, 4th Floor
> Greensboro, North Carolina  27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this 16th day of September, 2014, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. mail, postage prepaid, upon Appellant:

> Confesor Llamas (BOP No. 29529-057)
> USP McCreary
> United States Penitentiary
> Post Office Box 3000
> Pine Knot, Kentucky  42635
>
> *Appellant*

　　　　　　　　　　　　　　　　　　　/s/ Michael E. Archenbronn
　　　　　　　　　　　　　　　　　　　*Counsel for Appellant*